IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-18 (1) |
| | § | C.A. No. C-05-298 |
| JOEL GARCIA-GONZALEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Joel Garcia-Gonzalez's ("Garcia") motion to vacate, set aside or correct his sentence pursuant to § 2255, which is deemed filed as of June 6, 2005.[1] (D.E. 34).[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Garcia's motion, both because it is time-barred and because it does not state a valid claim for relief. Additionally, the Court DENIES Garcia a Certificate of Appealability.

---

[1] Garcia's motion indicates that it was signed on June 6, 2005. (D.E. 34 at p.22). That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. Houston v. Lack, 487 U.S. 266, 276 (1988)(a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

[2] Dockets entries refer to the criminal case, C-03-cr-18.

1

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

On February 26, 2003, Garcia pleaded guilty to the indictment against him, which charged him with being unlawfully and knowingly present in the United States without the consent of the Attorney General following deportation, in violation of 8 U.S.C. § 1326. (D.E. 1, 16, 17).  On June 5, 2003, the Court sentenced Garcia and judgment was entered against him on June 16, 2003. (D.E. 25, 27). Garcia timely appealed. (D.E. 26).  On December 10, 2003, the Fifth Circuit issued a per curiam opinion affirming his conviction and sentence. (D.E. 32, 33).  Garcia filed a petition for writ of certiorari with the U.S. Supreme Court, and the petition was denied on May 17, 2004.  Thus, that is the date his conviction became final.

Garcia filed his § 2255 motion on June 6, 2005. (D.E. 34).  In his motion, he asserts two claims.  First, he argues that his sentence was imposed in violation of his Sixth Amendment rights, relying on United States v. Booker, 125 S. Ct. 738 (2005).  Second, he argues that Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), is no longer good law, and that the Court therefore erred in treating his prior offense as a sentencing transcript instead of an element of his offense required in the indictment.

## III.  DISCUSSION

**A.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3]  28 U.S.C. § 2255.  The Fifth Circuit and the

---

[3] The statute provides that the limitations period shall run from the latest of:

Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*). In cases where a petition for writ of certiorari is filed and denied, finality attaches when the Supreme Court denies the petition. Clary, 527 U.S. at 527.

As noted, Garcia's petition for writ of certiorari was denied on May 17, 2004. Thus, his conviction became final on that date. He had one year from that date to file a § 2255 motion, or until May 17, 2005. 28 U.S.C. § 2255(1). His motion is deemed filed as of June 6, 2005. Thus, it was filed approximately three weeks beyond the limitations period, as calculated under § 2255(1), and is untimely. Garcia offers no explanation for his untimely filing, and the record discloses none. Accordingly, his motion is time-barred, as calculated using § 2255(1).

**B.    Timeliness of Booker claim**

Garcia could argue that his claim pursuant to United States v. Booker, 125 S. Ct. 738 (2005) is timely under § 2255(3). See supra note 3. This provision would render his claim timely only if Booker applies retroactively to cases already final on direct review when it was decided. Because this Court concludes that Booker does not apply retroactively, however, his claim based on Booker

---

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

3

is not timely.[4]

### 1. <u>Booker</u> Background

To explain the Court's conclusions regarding the retroactivity of <u>Booker</u>, some background regarding both <u>Booker</u> and its predecessor, <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), is warranted. In <u>Blakely</u>, the Supreme Court held that the trial court's sentencing of the state defendant violated his Sixth Amendment right to a jury trial. Specifically, the court held that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant. <u>Blakely</u>, 124 S. Ct. at 2537-38. <u>Blakely</u> involved a defendant sentenced in a Washington state court pursuant to Washington's determinate sentencing scheme. <u>See</u> generally <u>id.</u>

<u>Booker</u> addressed <u>Blakely</u>'s impact on the federal sentencing guidelines, which are applied in federal criminal cases. <u>Booker</u> consists of two majority decisions. In the first majority opinion, the Court held that <u>Blakely</u> applied to the federal guidelines. As with the sentencing scheme at issue in <u>Blakely</u>, the mandatory nature of the federal sentencing guidelines implicated defendants' Sixth Amendment rights, because the guidelines can require judges to find facts and sentence defendants to more severe sentences than could be imposed based solely on facts found by the jury or admitted in the plea colloquy. <u>Booker</u>, 125 S. Ct. at 750-51, 756.

In the second majority opinion, the Supreme Court discussed the remedy to be applied in light of its first holding. The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a

---

[4] Garcia argues that a 16-level enhancement was applied to his offense level at sentencing based on facts not found by a jury beyond a reasonable doubt.

provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole. Booker, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory." Id. at 757. The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress. Id.

For the reasons discussed in the next section of this Order, the Court concludes that relief under Booker is not available on collateral review to a defendant like Garcia, whose conviction became final prior to the date Booker was decided, January 12, 2005.

### 2. Retroactivity Analysis

Neither of the majority opinions states that Booker should be applied retroactively to convictions and sentences that are already final. Instead, Justice Breyer's decision concerning the proper remedy simply indicates that the Court's Booker holdings should be applied "to all cases on direct review." Booker, 125 S. Ct. at 769 (emphasis added).[5]

More pertinent to the issue of Booker and Blakely retroactivity is the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), handed down the same day as Blakely. In Schriro, the Supreme Court was faced with determining whether its decision in Ring v. Arizona, 536 U.S. 584 (2002), could be applied retroactively on collateral review. Ring, like Blakely, applied the principles of Apprendi. In Ring, the Court held that a jury must find the aggravating facts statutorily required to impose the death penalty. In Schriro, the Court first concluded that Ring was a new rule of procedure (as opposed to a substantive rule), and noted the general principle that new rules of

---

[5] The Court recognizes, of course, that retroactivity was not an issue in Booker or its companion case, Fanfan, both of which came to the Supreme Court as direct criminal appeals. Thus, the quoted language arguably has no meaning as to Booker's retroactivity in collateral proceedings.

procedure do not apply retroactively. 124 S. Ct. at 2522-23. It then determined that the rule in <u>Ring</u> did not fall within any of the narrow exceptions to the general principle, as set forth in <u>Teague v. Lane</u>, 489 U.S. 288 (1989), including the exception for "watershed rules of criminal procedure" essential to the fairness of the proceedings. <u>Schriro</u>, 124 S. Ct. at 2524-25. It concluded, therefore, that "<u>Ring</u> announced a new procedural rule that does not apply retroactively to cases already final on direct review." <u>Schriro</u>, 124 S. Ct. 2526.

This Court finds the reasoning in <u>Schriro</u> to be persuasive and pertinent here. Like the rule in <u>Ring</u>, the rule announced in <u>Blakely</u> (and extended to the federal guidelines in <u>Booker</u>) is a new rule of procedure, but does not fall within any of the <u>Teague</u> exceptions. Accordingly, <u>Blakely</u> and <u>Booker</u> do not apply retroactively to cases on collateral review.

The Fifth Circuit has not yet addressed whether <u>Booker</u> is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made <u>Booker</u> retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. <u>In re Elwood</u>, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005). The Second, Third, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of <u>Booker</u> on initial collateral review, however, and have reached the same conclusion as the Court does herein. See <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005)(concluding that <u>Booker</u> states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); <u>United States v. Humphress</u>, 398 F.3d 855 (6th Cir. 2005)(same); <u>Varela v. United States</u>, 400 F. 3d. 864 (11th Cir. 2005)(same); <u>Guzman v. United States</u>, 404 F.3d 139 (2d Cir. 2005)(same); <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. May 17, 2005)(same). Similarly, in a post-<u>Booker</u> decision, the Tenth Circuit rejected a § 2255 movant's argument that <u>Blakely</u> applies retroactively. <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005). In so doing, the <u>Price</u> court utilized reasoning which would be equally applicable to <u>Booker</u>.

See generally id.

Because the Court concludes that Booker is not retroactive to cases on collateral review, and because Garcia's conviction became final prior to January 12, 2005, he is not entitled to relief under Booker. His Booker claim, like the entirety of his motion, is untimely.

**C.   Merits of Garcia's Motion**

Even if his motion were properly before the Court, however, Garcia has not stated a valid claim for relief. As previously noted, he raises two claims in his motion. First, he argues that his sentence was unconstitutional in light of Booker. Second, he essentially argues that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998) was wrong and that it should be reconsidered and overruled. Neither of these claims entitle him to relief.

As to his Booker claim, the Court's conclusions regarding retroactivity, see infra Section III.B., preclude any relief under Booker. Put differently, even if his motion were timely, he does not have a claim under Booker because it is not retroactively applicable to a defendant like Garcia whose convictions were final before January 12, 2005. Thus, his Booker claim fails.

In his second claim, Garcia appears to be arguing that the felony conviction provisions of 8 U.S.C. § 1326(b) are elements of the offense that must be required to be found by a jury beyond a reasonable doubt, rather than sentencing enhancements. The Supreme Court held to the contrary, however, in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Specifically, the Almendarez-Torres Court held that Congress intended to set forth a sentencing factor in 8 U.S.C. § 1326(b)(2)[6] and not a separate criminal offense. Id. Garcia essentially argues that Almendarez-

---

[6]   Subsection (b) increases the criminal penalties for reentry of certain removed aliens. The provision under which Garcia was convicted, (b)(2), provides that any alien described in subsection (a) "whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2).

7

Torres should be overturned.[7]

As an initial matter, the Court notes that it cannot overturn Supreme Court precedent. Thus, even if this Court agreed with his argument, it would be powerless to grant him relief. Moreover, the Supreme Court's recent decisions have continued to reaffirm that the fact of a prior conviction is explicitly exempted from the Apprendi rule. See, e.g., Apprendi, 530 U.S. at 490 ("**Other than the fact of a prior conviction**, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")(emphasis added). Indeed, in both Blakely and Booker, the Supreme Court explicitly noted an exception for the fact of a prior conviction. See, e.g., Blakely, 124 S. Ct. at 2536 (quoting same passage from Apprendi); Booker, 125 S. Ct. at 756 ("we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). But see supra note 6.

For the foregoing reasons, this Court concludes that the current law on this issue precludes any relief for Garcia on his second claim. Accordingly, even if his motion were timely, he has not asserted any claims that entitle him to relief. His § 2255 motion is therefore DENIED.

**D.   Certificate of Appealability**

---

[7] Justice Thomas, the key fifth vote in the Almendarez-Torres five-member majority, has recently espoused the same view:

> Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided. See 523 U. S., at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005)(THOMAS, J., concurring).

8

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garcia has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Garcia's § 2255

motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to those claims that this Court has addressed on procedural grounds, the Court finds that Garcia cannot establish at least one of the Slack criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Garcia is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Garcia's motion under 28 U.S.C. § 2255 (D.E. 34) is DENIED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 22nd day of June, 2005.

_____
Janis Graham Jack
United States District Judge